

**U.S. Department of Justice**

United States Attorney's Office
District of Delaware

*The Hercules Building*
*1313 N. Market Street, Suite 400*
*P. O. Box 2046*                                              *(302) 573-6277*
*Wilmington, Delaware  19899-2046*           *FAX (302) 573-6220*

December 11, 2023

**BY CM/ECF**
Hon. Christopher J. Burke
Magistrate Judge
U.S. Courthouse
844 King Street
Wilmington, DE 19801

     Re:    **United States v. Robert Dorsey, 23-CR-91 RGA**

Dear Judge Burke:

     The government submits this letter brief pursuant to the Court's Oral Order dated December 7, 2023. Undersigned counsel apologizes for being unavailable during last week's detention hearing due to a sentencing obligation in the District of New Jersey. However, the undersigned will appear on December 14, 2023, along with AUSA Briana Knox.

     As an initial matter, the government wishes to briefly explain the timing of the government's Memorandum in Support of Detention, D.I. 20. As this Court is aware, the use of a Confidential Informant (CI) comes with an increased safety concern for that CI once the defendant is arrested, and especially as filings become public which expose their identity to both the defendant and his associates.

     One of the protective measures utilized by the government in the ongoing protection of the CI was to minimize the time that D.I. 20 was on the public docket ahead of the detention hearing.  One of the factors for consideration in a detention hearing is the dangerousness posed to any person or the community in the event of the defendant's release. The government considers the CI a person upon whom there is a significant risk of danger should the defendant be released, hence the measures the government took to protect the CI's identity as long as possible, until the CI could be relocated to a safe place.  The government understands that a lengthy memorandum on the morning of the hearing is not ideal and inconveniences

the Court, and for that the government apologizes. The undersigned was made aware by AUSA Knox that the Court inquired as to the reasons for the late filing, and thus the undersigned hopes the above explanation helps to answer the Court's question.

Turning to the Court's December 7 Oral Order, the government believes the below summary of the firearm recovered during the arrest of the defendant and subsequent consent search of his vehicle should answer the Court's questions.

The defendant arrived at his residence between 5-10 minutes before the arrest warrant was executed, driving the vehicle that the firearm was ultimately recovered from. The firearm is a .22 caliber revolver, unknown make, "Defender" model, with an unknown serial number that was loaded with six rounds of .22 caliber ammunition. Because the firearm does not have a serial number, no trace can be conducted to determine if it is in stolen status.

To briefly discuss some details of the firearm, a firearm is defined as "antique" pursuant to 26 U.S.C. § 5845(G). To qualify as antique, a firearm must not utilize a conventional center fire or rim fire ignition system and be manufactured *before* 1898[1]. As of this filing, because 1) the firearm has no serial number and 2) the firearm is with New Jersey State Police Lab for an operability test – the government cannot state at this time whether this firearm qualifies as an "antique". *However*, the firearm was loaded with 6 rounds of modern[2] .22 caliber ammunition.



Fig 1. – photo of firearm

---

[1] https://www.atf.gov/firearms/firearms-guides-importation-verification-firearms-national-firearms-act-definitions-antique

[2] Modern in this sense means readily available ammunition that could be purchased at an FFL or licensed distributor. That to say, the ammunition within the firearm is not "antique" ammunition and ammunition Dorsey is prohibited from possessing.

The firearm and pill bottle were recovered from the defendant's black leather motorcycle cut located in the rear passenger seat of the vehicle, next to a car seat. The approximately 45 pills weighed approximately 24.21 grams and field tested positive for amphetamines.


Fig. 2 – leather jacket in rear driver side seat


Fig. 3- Pocket firearm was recovered from



Fig. 4 – Pocket pill bottle was recovered from



Fig. 5 – leather jacket with circle around pocket area of recovery

      Finally, though not inquired into as part of the Oral Order, the undersigned is aware the Court asked about the defendant's guidelines at the initial detention hearing. I will thus briefly address that topic for the Court. As was referenced in D.I. 20, the defendant appears to be eligible for a 15-year mandatory minimum on

the possession of a firearm by a prohibited person charge. While not confirmed, the possibility of a 15-year mandatory minimum alone contributes to a risk of flight. The defendant's guidelines outside of that possible mandatory, however, are preliminarily calculated at 70-87 months, which adds to the risk of flight of the defendant.

                                      Respectfully submitted,

                                      DAVID C. WEISS
                                      United States Attorney

                              By: */s/ Samuel S. Frey*
                                      Samuel S. Frey
                                      Assistant United States Attorney

cc:  David Pugh, Esq. (via ECF)