IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

UNITED STATES OF AMERICA )
)
      v. )
)    Criminal Action No. 23-91 (RGA)
ROBERT DORSEY, )
)
      Defendant. )

<u>**MEMORANDUM OF PLEA AGREEMENT**</u>

Pursuant to discussions between the United States of America, by and through its attorneys, David C. Weiss, United States Attorney for the District of Delaware, and Samuel S. Frey, Assistant United States Attorney, and the defendant, Robert Dorsey, by and through his attorney, David Pugh, Esquire, the following agreement is hereby entered into by the respective parties:

1.    The defendant shall plead guilty in the United States District Court for the District of Delaware to: Counts One and Two of the Indictment, which charge the defendant with firearms trafficking, in violation of 18 U.S.C. §§ 933(a)(1) and (b).

2.    The defendant understands that the maximum penalties for Counts One and Two are, as to each Count: 15 years of imprisonment; a $250,000 fine; 3 years of supervised release; and a $100 special assessment for each count.

3.    The defendant understands that if there were a trial with regards to Counts One and Two, the government would have to prove the following elements beyond a reasonable doubt as to each Count: (1) the defendant knowingly shipped, transported, transferred, caused to be transported or otherwise disposed of a firearm to another person; (2) the shipping, transporting, transferring, causing to be transported or disposition of the firearm was in or otherwise affecting interstate

commerce; and (3) the defendant knew or had reasonable cause to believe that the use, carrying or possession of the firearm by the other person/recipient would constitute a felony. The defendant knowingly, voluntarily, and intelligently admits his guilt to each of the above-described elements of Counts One and Two.

4.      The defendant is pleading guilty to Counts One and Two because he is, in fact, guilty.

5.      At or around the time of sentencing, the government will move to dismiss Counts Three, Four, and Five. The defendant waives the statute of limitations as to any counts to be dismissed under this agreement and agrees that if the defendant withdraws from, or successfully challenges, the guilty plea entered under this agreement, or if any counts are otherwise reinstated under the terms of this agreement, neither the statute of limitations nor the Double Jeopardy Clause will bar prosecution on any such count or counts.

6.      Pursuant to Section 6B1.4 of the November 1, 2023, edition of the United States Sentencing Guidelines Manual ("U.S.S.G."), the parties enter into the following stipulations:

a.      Pursuant to U.S.S.G §2K2.1(a)(6), the base offense level is 14.

b.      Provided that the United States does not subsequently learn of conduct by the defendant inconsistent with the acceptance of responsibility, the United States agrees that in consideration of the defendant's timely guilty plea, it will not oppose a two-level

reduction in the Offense-Level pursuant to U.S.S.G. § 3E1.1(a). Further, should it be determined that the defendant's Offense Level is 16 or greater prior to the application of the aforementioned two-level reduction, the United States agrees that the defendant's Offense Level should be reduced by one additional level, pursuant to U.S.S.G. § 3E1.1(b), for a total reduction of three levels.

It is understood and agreed that: (1) the parties are free to argue (except as stated above) the applicability of any other provision of the Sentencing Guidelines, including offense conduct, offense characteristics, criminal history, adjustments, cross-references, and departures; (2) these stipulations are not binding upon either the Probation Office or the Court; and (3) the Court may make factual and legal determinations that differ from these stipulations and that may result in an increase or decrease in the Sentencing Guidelines range and the sentence that may be imposed.

7.     The United States retains the right to make whatever recommendations at the time of sentencing that it believes are appropriate and to defend the rulings of the District Court at any subsequent proceeding.

8.     The defendant understands that the District Court must consider the United States Sentencing Guidelines, the applicable statutory maximum penalties, and the factors set forth in 18 U.S.C. § 3553(a) in determining an appropriate

3

sentence. The defendant understands that the ultimate determination of an appropriate sentence will be up to the sentencing judge. The Court may impose a sentence that exceeds, falls below, or is contained within the sentencing range prescribed by the Sentencing Guidelines. The defendant expressly acknowledges that if the Court imposes a sentence outside the range set forth in the Sentencing Guidelines, is otherwise different than the defendant expected, or is contrary to the recommendation of his attorney or the United States, the defendant will not be allowed to withdraw his guilty plea on that basis.

9.    The defendant agrees to forfeit pursuant to 18 U.S.C. §924(d) and 28 U.S.C. §2461(c) any and all interests in any property, real or personal, which constitutes or is derived from proceeds traceable to the offense, including but not limited to: (1) a Smith & Wesson M&P 40 M2.0, .40 caliber handgun with serial number NKF8770; (2) Smith & Wesson Model 13, .357 magnum caliber revolver with serial number 2D84641; (3) Privately Made Firearm (PMF) Polymer 80 Inc., 9mm with no serial number; (4) Eleven (11) rounds of .40 caliber ammunition; and (5) Five (5) rounds of .357 ammunition. The defendant agrees to waive any and all interests in any such Property in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. The defendant agrees to consent to the entry of orders of forfeiture for such Property and waives the requirements of Federal Rule of Criminal Procedure 32.2 and 43(a) regarding notice of forfeiture in the charging

instrument, announcement of the forfeiture in the defendant's presence at sentencing, and incorporation of the forfeiture in the judgment, as well as any applicable deadlines required by 18 U.S.C. § 983(a). The defendant acknowledges that he understands that forfeiture of the Property, if the government elects to conduct the forfeiture criminally, will be part of the sentence imposed upon the defendant in this case, and the defendant waives any failure by the Court to advise the defendant of this, pursuant to Federal Rule of Criminal Procedure 11(b)(1)(J), at the time the guilty plea is accepted. Pursuant to Rule 32.2(b)(3), the defendant will promptly consent to the preliminary order of forfeiture becoming final as to the defendant before sentencing if requested by the government to do so.

10. The defendant agrees to pay the $200 special assessment the day of sentencing. Should he fail to do so, or should he have other outstanding financial responsibilities as a result of his plea of guilty to Counts One and Two, the defendant agrees to voluntarily enter the United States Bureau of Prisons' Inmate Financial Responsibility Program, through which the Bureau of Prisons will collect a portion of defendant's prison salary and apply it on defendant's behalf to the payment of the outstanding debt ordered.

11. This Memorandum expressly incorporates Attachment A, which is attached hereto and filed under seal. The government routinely files such an attachment, even though it may or may not contain additional terms. To the extent,

5

however, that Attachment A contains additional terms, the parties acknowledge and agree to be bound by those terms.

12.   It is further agreed by the undersigned parties that this Memorandum — together with sealed Attachment A — supersedes all prior promises, representations, and statements of the parties; that this Memorandum may be modified only in writing signed by all the parties; and that any and all promises, representations, and statements made prior to or after this Memorandum are null and void and have no effect whatsoever, unless they comport with the subsequent written modification provisions of this paragraph.

DAVID C. WEISS
UNITED STATES ATTORNEY

David Pugh, Esquire                          By: _____
Attorney for Defendant                       Samuel S. Frey
                                             Assistant United States Attorney

Robert Dorsey, Defendant

Dated:

**AND NOW**, this _25th_ day of _August_, 2024, the foregoing Memorandum of Plea Agreement is hereby (accepted) (rejected) by this Court.

_____
THE HONORABLE RICHARD G. ANDREWS
UNITED STATES DISTRICT JUDGE

6