IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| Plaintiff, | : | |
| v. | : | Criminal Action No. 23-91-RGA |
| **ROBERT DORSEY,** | : | |
| Defendant. | : | |

## PRELIMINARY ORDER OF FORFEITURE

IT IS HEREBY ORDERED THAT:

1. As the result of the guilty plea to Counts One and Two of the Indictment, for which the Government sought forfeiture, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), the defendant, Robert Dorsey, shall forfeit to the United States any and all firearms and ammunition involved in the commission of the offenses.

2. The Court has determined, based on the evidence set forth in the plea agreement, as well as on the record during the defendant's Rule 11 change of plea hearing, that the following property is subject to forfeiture pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), and that the Government has established the requisite nexus between such property and such offenses:

    a. Smith & Wesson M&P 40 M2.0, .40 caliber handgun with serial number NKF8770;

    b. Smith & Wesson Model 13, .357 magnum caliber revolver with serial number 2D84641;

      c.  Privately made firearm (PMF) Polymer 80 Inc., 9mm with no serial number;

      d.  Eleven (11) rounds of .40 caliber ammunition;

      e.  Five (5) rounds of .357 ammunition.

      (collectively, the "Subject Property").

3.    Upon entry of this Order, the Attorney General (or a designee) is authorized to seize the property subject to forfeiture, whether held by the defendant or by a third party, and to conduct any discovery proper in identifying, locating, or disposing of the property subject to forfeiture, in accordance with Fed. R. Crim. P. 32.2(b)(3).

4.    Upon entry of this Order, the Attorney General (or a designee) is authorized to commence any applicable proceeding to comply with statutes governing third party rights, including giving notice of this Order.

5.    The United States shall publish notice of the order and its intent to dispose of the property in such a manner as the Attorney General (or a designee) may direct.  The United States may also, to the extent practicable, provide written notice to any person known to have an alleged interest in the property.  No such notice is required to the extent that this Order consists solely of a money judgment against the defendant.  Rule 32.2(c)(1).

6.    Any person, other than the above-named defendant, asserting a legal interest in the Subject Property may, within thirty days of the final publication of notice or receipt of notice, whichever is earlier, petition the court for a hearing

without a jury to adjudicate the validity of his alleged interest in the property, and for an amendment of the order of forfeiture, pursuant to 21 U.S.C. § 853(n).

7. Pursuant to Fed. R. Crim. P. 32.2(b)(3), this Preliminary Order of Forfeiture shall become final as to the defendant at the time of sentencing, or before sentencing if the defendant consents, and shall be made part of the sentence and included in the judgment. If no third-party files a timely claim, this Order shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2).

8. Any petition filed by a third party asserting an interest in the Subject Property shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the property, the time, and circumstances of the petitioner's acquisition of the right, title or interest in the property, any additional facts supporting the petitioner's claim and the relief sought.

9. After the disposition of any motion filed under Fed. R. Crim. P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

10. The United States shall have clear title to the Subject Property following the Court's disposition of all third-party interests, or, if none, following the expiration of the period provided in 21 U.S.C. § 853(n)(2) for the filing of third-party petitions.

///

11. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

Dated: January 15, 2025     SO ORDERED:

/s/ Richard G. Andrews
HONORABLE RICHARD G. ANDREWS
UNITED STATES DISTRICT JUDGE

4